*279 OPINION OF THE COURT
Jeffry H. Gallet, J.
This year, the Legislature amended Family Court Act § 1035 by adding subdivision (d) which grants a nonrespondent parent in child protective proceedings "the right to appear and participate in the proceeding as an interested party intervenor for the purpose of seeking temporary and permanent custody of the child.” (L 1986, ch 699, § 1.) Here, the nonrespondent father, who has been granted intervenor status in this child protective proceeding in which his child’s mother is the respondent, moves, pursuant to section 1035 (d), to be permitted full party status at the fact finding, including the right to call and cross-examine witnesses, present evidence and object to the admission of evidence. He also moves for discovery of certain psychiatric and psychological reports and other material in the casework file of the petitioner, the Brooklyn Society for Prevention of Cruelty to Children.
In arguing for full party status, the father relies on the traditional rule that an intervenor, once granted that status, becomes a party for all purposes. (New York Cent. R. R. Co. v Lefkowitz, 19 AD2d 548; 3 Carmody-Wait 2d, NY Prac § 19:135.) While it is true that an intervenor usually does receive full party status, the Legislature, in enacting section 1035 (d), intended to grant less than full party status to an intervening parent.
A comparison of section 1035 (d) with CPLR 1012 (intervention by right) and 1013 (intervention by permission) is instructive. The CPLR speaks of intervention without any limiting language. Section 1035 (d), however, specifically limits the intervenor to "seeking temporary and permanent custody of the child.” That limitation follows logically from the Legislature’s statement of its intent to protect the due process rights of respondent parents. (Family Ct Act § 1011; Lassiter v Department of Social Servs., 452 US 18; Matter of Hanson, 51 AD2d 696.)
The father has no role at fact finding. It is not a custody proceeding. Rather, it is a proceeding to determine whether the government need intervene in the mother’s relationship with her child in order to protect that child. Issues of permanent custody are determined after a dispositional hearing. (Family Ct Act § 1052.) The intervenor and his counsel may attend all fact-finding hearings but may not participate, except for argument or hearings relating to the remand, parole *280 or temporary custody of the child. He may participate with full party rights in such arguments and hearings during the fact-finding stage and as a party with full rights at disposition.
Since the father may be called upon to participate in arguments or hearings relating to the child’s custody during the fact-finding phase of the proceeding, he is entitled to full discovery as soon as he attains intervenor status. He cannot participate intelligently on the temporary custody issues without full knowledge of the surrounding facts and circumstances.
Accordingly, the father’s motion to participate fully in all stages of the child protective proceeding is granted only to the extent of permitting him to participate fully during the dispositional stage but only in arguments and hearings affecting the temporary custody of the child during the fact-finding stage.
The motion for discovery is granted and the petitioner is ordered to provide for discovery, inspection, and copying the documents requested in the father’s notice of motion dated November 25, 1986.