■ In the Matter of TANAJHIA A. and Another, Children Alleged to be Abused and/or Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; NIKIDA B., Respondent. [724 NYS2d 534] —Cardona, P. J. Appeal from an order of the Family Court of Schenectady County (Assini, J.), entered March 20, 2001, which, inter alia, granted respondent's application, in a proceeding pursuant to Family Court Act article 10, for an order directing petitioner to return her children to her.

During the night of March 8 and 9, 2001, petitioner removed respondent's two children, Tanajhia A. (born in 1994) and Kiara B. (born in 2000), without court order (see, Family Ct Act § 1024) following hotline reports indicating that Kiara was being treated at the emergency room of St. Clare's Hospital in

the City of Schenectady, Schenectady County, for first and second degree burns on her abdomen, legs and feet from immersion in scalding bath water. Kiara was transferred to the burn unit at University Medical Center in the City of Syracuse, Onondaga County. Tanajhia, though uninjured, was also removed. Family Court issued a temporary order authorizing removal of the children on March 9, 2001. On March 13, 2001, petitioner filed an abuse and neglect petition against respondent in reference to both children. Thereafter, respondent requested a hearing (pursuant to Family Court Act § 1028) for return of the children. Following the hearing, Family Court granted the application; however, on March 26, 2001, a Justice of this Court stayed the order pending determination of this appeal.

We reverse. Family Court Act § 1046 (a) (ii), applicable in Family Court Act § 1028 hearings (*see*, Family Ct Act § 1046 [a]), raises a rebuttable presumption of child abuse or neglect when the petitioning agency demonstrates that the child sustained injuries that ordinarily would not have occurred absent an act or omission of the parent or person legally responsible for the child's care (*see*, *Matter of Philip M.*, 82 NY2d 238, 243; *Matter of Austin JJ.*, 232 AD2d 736, 737). Here, the proof established that one-year-old Kiara, who was not yet walking, sustained injuries which could not reasonably have occurred without the act or omission of respondent. Thus, the burden of coming forward to explain the injuries shifted to respondent. In our view, respondent, who did not testify, failed to present sufficient evidence to counter the presumption of parental culpability, thereby raising the strongest inference against her that the opposing evidence permits (*see*, *Matter of Colleen CC.*, 232 AD2d 787, 789). We are satisfied, based upon our review of this record, that petitioner met its burden of demonstrating that returning the children to respondent would present an imminent risk to their health (*see*, Family Ct Act § 1028 [a]). Accordingly, we find Family Court's determination to return the children to respondent pending completion of the fact-finding hearing to be an improvident exercise of discretion.

We need not address petitioner's remaining argument.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision.