■ In the Matter of JAMES P. and Others, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES Q., Appellant, et al., Respondent. (And Another Related Proceeding.) [792 NYS2d 688]—

Kane, J. Appeals from three orders of the Family Court of Broome County (Pines, J.), entered March 8, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to extend petitioner's supervision of the subject children.

Respondent James Q. (hereinafter respondent) is the father of two children and the stepfather of another child. Petitioner has been involved with the family since 1999 due to proven abuse and neglect by respondent. The children were returned from petitioner's care to the mother's care, but with continued supervision of the family by petitioner. An order of protection prohibited contact with the children, but provided respondent with limited supervised visitation at the county jail where he was incarcerated. Petitioner commenced this proceeding to extend the order of supervision and orders of protection. The mother sought to terminate the children's visitation with respondent. After a hearing, Family Court, among other things, extended the order of supervision and granted orders of protection against respondent. Under those orders, respondent is prohibited from any contact with his stepson until the child's 18th birthday and prohibited from contact with his children, except for screened letters, for one year. Respondent appeals, alleging ineffective assistance of counsel. We affirm.

To establish entitlement to a new hearing based on ineffective assistance of counsel, respondent must demonstrate that he was deprived of meaningful representation and that he suffered actual prejudice as a result of counsel's deficient representation (see Matter of Leo UU., 288 AD2d 711, 713 [2001], lv denied 97 NY2d 609 [2002]; Matter of Matthew C., 227 AD2d 679, 682-683 [1996]). He has failed to meet that burden. Counsel represented respondent in Family Court for over two years prior to this hearing and was fully familiar with the family history and circumstances. Respondent alleges that counsel was ineffective because he did not present certain documentary evidence or subpoena requested witnesses. Admission into evidence of certificates of completion from several classes, including parenting, anger management and substance abuse programs, was not necessary. Counsel elicited from petitioner's caseworker that respondent had, indeed, completed several such classes.

The failure to call particular witnesses that a client requests

does not necessarily constitute ineffective assistance (*see Matter of Thompson v Gibeault*, 305 AD2d 873, 875 [2003]; *Matter of Hudson v Hudson*, 279 AD2d 659, 661 [2001]). There is no indication in this record that the testimony of the witnesses would be favorable to respondent. In fact, there is significant evidence that the testimony would be detrimental, suggesting that respondent's requested witnesses would verify that he participated in certain services, but that he failed to benefit from those services. For instance, within two weeks after he completed a substance abuse program, respondent, while drinking, engaged in conduct that resulted in his conviction of the crime of sodomy in the second degree. Under the circumstances, respondent failed to prove that counsel's representation was less than meaningful or that counsel's actions somehow prejudiced him (*see Matter of Matthew C., supra* at 683).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.