In the Matter of FELICIA N. and Others, Children Alleged to be Severely Abused and Neglected. SULLIVAN COUNTY DEPARTMENT OF FAMILY SERVICES, Appellant; MAURICE N., Respondent. [843 NYS2d 859]—

Rose, J. Appeal from an order of the Family Court of Sullivan

County (Meddaugh, J.), entered July 26, 2006, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be severely abused and neglected.

Petitioner commenced a proceeding pursuant to Family Ct Act article 10 alleging that respondent had committed sexual offenses as defined in Penal Law article 130 and that his daughter (born in 1994) is a severely abused child within the meaning of Social Services Law § 384-b (8). After a hearing at which only respondent and the investigator who took a statement from the child testified, Family Court found insufficient corroboration of the child's out-of-court statements to establish either severe abuse or abuse, and dismissed the petition.

As limited by its brief on appeal, petitioner argues not that there was clear and convincing evidence to support a finding of severe abuse, but only that abuse was proven by a preponderance of the evidence. We cannot agree that even the lesser standard of proof was met here. While "[a] child's unsworn out-of-court statement relating to abuse or neglect may be introduced into evidence at a fact-finding hearing and, if sufficiently corroborated, will support a finding of abuse or neglect" (*Matter of Stephen GG.*, 279 AD2d 651, 652 [2001]), Family Court has " 'considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse' " (*Matter of Christina F.*, 74 NY2d 532, 536 [1989], quoting *Matter of Nicole V.*, 71 NY2d 112, 119 [1987]; *see Matter of Richard SS.*, 29 AD3d 1118, 1121 [2006]).

Here, petitioner attempted to corroborate the child's statement through the testimony of the investigator regarding admissions allegedly made by respondent. Due to inconsistencies in the investigator's account of those admissions, as well as respondent's adamant denials that he had either made the alleged admissions or committed the alleged acts, Family Court discredited the investigator's testimony. Where, as here, Family Court is primarily confronted with issues of credibility, its factual findings must be accorded great weight on appeal (*see Matter of Frank Y.*, 11 AD3d 740, 742 [2004]; *Matter of Joshua QQ.*, 290 AD2d 842, 843 [2002]). Inasmuch as the discredited testimony was the only record evidence corroborating the child's out-of-court statements, we find no basis to disturb Family Court's decision.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.