In the Matter of CHAQUILL R. and Others, Children Alleged to be Abused and/or Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NICHOLE S., Appellant. [865 NYS2d 716]—

Mercure, J. Appeal from an order of the Family Court of Schenectady County (Powers, J.), entered July 3, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be abused.

Respondent is the mother of six children (born in 1993, 1995, 1996, 2002, 2004 and 2006). In December 2006, the youngest child, then 10 months old, suffered second and third degree burns on his buttocks and thighs from scalding hot water in a bathtub. The child was flown to a burn center and then hospitalized for two weeks. Based upon that incident, petitioner commenced this proceeding pursuant to Family Ct Act article 10 asserting that respondent abused and neglected the youngest child, and derivatively abused and neglected the older children. Following a Family Ct Act § 1028 hearing and a fact-finding hearing, Family Court determined that the youngest child was an abused child and that the other five children were derivatively abused. Upon the agreement of the parties, the court issued an order of protection, requiring that respondent maintain

a safe and stable residence for the children, and an order of supervision for a period of one year. Respondent appeals, and we now affirm.

As relevant here, an abused child is a child under the age of 18 whose parent "creates or allows to be created a substantial risk of physical injury to such child by other than accidental means which would be likely to cause death or serious or protracted disfigurement, or protracted impairment of physical or emotional health" (Family Ct Act § 1012 [e] [ii]). Moreover, "a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of [the] respondent[ ], and (2) that [the] respondent[ ] [was] the caretaker[ ] of the child at the time the injury occurred" (Matter of Philip M., 82 NY2d 238, 243 [1993]; see Family Ct Act § 1046 [a] [ii]). Inasmuch as the burns suffered by the 10-month-old child were the type of injury that would ordinarily not occur in the absence of an act or omission by respondent—his caretaker—petitioner made out a prima facie case of child abuse, and the burden of going forward to rebut this evidence shifted to respondent (see Matter of Philip M., 82 NY2d at 244; Matter of Ashley RR., 30 AD3d 699, 700 [2006]; Matter of Tanajhia A., 283 AD2d 708, 709 [2001]).

The record reveals that respondent asserted that the injury occurred accidentally as a result of a defective water heater in her new apartment, relying on testimony from investigators and a plumber's report indicating that the water from the bathtub faucet became excessively hot within a very short time. Respondent testified that she placed the child, who was crying due to illness, in the bathtub and then turned her attention briefly to another child who was outside the tub. She indicated that the child did not begin crying any harder when she placed him in the tub, and that she discovered the burns only after she took him out of the tub.

Neither that testimony nor the plumber's report, however, suggests that the bathtub faucet was incapable of mixing in cold water or that the water heater caused the injury. Indeed, a plumber's report submitted by petitioner indicated that while the control on the water heater was set at a hot cycle, the tank was functional, and the record indicates that one of respondent's children was able to take a shower immediately prior to the incident without being burned. Moreover, respondent conceded that when she placed the child in the tub and turned on the faucet, she did not attempt to mix in any cold water; rather, she turned the faucet "[j]ust towards the hot." In addition,

petitioner presented pictures of the child's injury and a letter from a physician at the Westchester Burn Center—which was stipulated into evidence and indicates that the child's injuries were consistent with being held under running water—contradicting respondent's description of the incident.

Contrary to respondent's argument, there is no indication that Family Court placed undue reliance on a prior indicated report of child neglect involving one of respondent's other children. According deference to the court's credibility assessments, we conclude that a sound and substantial basis exists for Family Court's determination that respondent failed to rebut petitioner's prima facie case, and the finding of abuse herein is supported by a preponderance of the evidence (see Matter of Randy V., 13 AD3d 920, 921-922 [2004]; Matter of Benjamin L., 9 AD3d 153, 155-159 [2004]; Matter of Damen M., 309 AD2d 569, 569 [2003]; see also Matter of Tanajhia A., 283 AD2d at 709).

Finally, we reject respondent's argument that she was denied the effective assistance of counsel. To prevail on such a claim in this context, respondent must "demonstrate—on the record before us—both that she was deprived of meaningful representation and that counsel's deficiencies caused her to suffer actual prejudice" (Matter of Nicholas GG., 285 AD2d 678, 679 [2001]; see Matter of James P., 17 AD3d 733, 734 [2005]; Matter of Matthew C., 227 AD2d 679, 682-683 [1996]). Respondent asserts that her counsel erred in stipulating to the admission at the fact-finding hearing of certain hearsay testimony given during the Family Ct Act § 1028 hearing, and that counsel should have called the Burn Center physician as a witness, rather than stipulating her letter into evidence. There is no indication, however, that Family Court relied upon the testimony with which respondent takes issue or that the physician's testimony would have been favorable to respondent. Reviewing the totality of the circumstances on the record before us, we conclude that respondent was provided with meaningful and constitutionally adequate representation (see Matter of James P., 17 AD3d at 735; Matter of Matthew C., 227 AD2d at 683; see generally Matter of Christina A., 216 AD2d 928, 928 [1995]).

Respondent's remaining arguments, to the extent not addressed herein, have been considered and found to be lacking in merit.

Cardona, P.J., Peters, Carpinello and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.