■ In the Matter of TELSA Z., and Another, Children Alleged to be Abused and Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICKEY Z., Appellant. DENISE Z., Appellant. [897 NYS2d 281]—

---

Spain, J. Appeals (1) from two orders of the Family Court of Clinton County (Lawliss, J.), entered February 11, 2009 and March 17, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and neglected, and (2) from an order of said court, entered March 17, 2009, which issued an order of protection against respondent.

Respondent and Denise Z. (hereinafter the mother) are the parents of two daughters, Telsa Z. (born in 2000) and Destiney Z. (born in 2001). The mother also has three older daughters from previous relationships (born between 1989 and 1995). In October 2008, petitioner filed an abuse and neglect petition solely against respondent, alleging that he had repeatedly sexually abused Telsa (hereinafter the child), then eight years old, and that he had derivatively abused and neglected her younger sister. A temporary order of protection was issued against respondent directing him to stay away from the children, who remained at home with the mother. The mother was apparently notified of the proceeding pursuant to Family Ct Act § 1035 (c) and (d). In the petition and throughout the record, the mother is referred to and treated as a "non-respondent parent" (see Family Ct Act § 1035 [d]).

The sexual abuse allegations against respondent were based primarily on the child's out-of-court statements to four adults: a teacher, a teacher's aide and a school psychologist at the child's special education program, and a Child Protective Services caseworker. Their testimony at the fact-finding hearing recounted the child reporting that respondent had repeatedly sexually abused her and their observations that, during the relevant period of time, she had difficulty with social interaction, appeared to be depressed, isolated and withdrawn, and often complained that her legs, thighs and "private parts" hurt; the child also reported that the mother had "peeked" into respondent's bedroom, saw what he was doing to the child and then left and pretended that it did not happen. The child's teacher testified that the child had written a note on a page in her notebook—on which she had also drawn a picture—describing respondent's abuse, and a copy of that page was received in evidence. The child also reported that the mother told her that,

because of what had happened, she was bad and that both parents told her that she would go to jail if she said anything about the abuse.

Petitioner also called the child as a witness. After questioning the child, Family Court ruled that she was incapable of taking an oath but permitted her to give unsworn testimony in camera.[1] While respondent offered no evidence, the Law Guardian called him as a witness and he denied each of the allegations of sexual abuse, claiming that the child's reports of sexual abuse were motivated by anger at his refusal to get her a horse. Significantly, the record is clear that the mother and her attorney were present, but sat passively through the entire fact-finding hearing; the mother did not testify and her attorney presented no witnesses, conducted no cross-examination, made no motions or objections and gave no closing argument. In the closing arguments, respondent's attorney questioned why respondent was the only parent charged.

In its fact-finding order entered February 11, 2009, Family Court found that the child's unsworn testimony was reliable and sufficiently corroborated her out-of-court statements, noting that, while there were some inconsistencies in her testimony, she remained consistent regarding her allegations against respondent. The court concluded that respondent had sexually abused and neglected the child and had derivatively abused and neglected the younger sister. No findings were made with respect to the mother.

At the dispositional hearing, Family Court, on its own initiative and without objection, swore the mother in as a witness and questioned her in detail about her history, including the neglect and loss of custody of her three older children, an issue first raised at fact-finding; the mother's past behavior then became the main focus at the hearing.[2] The Law Guardian elicited testimony, on cross-examination of the caseworker, regarding the child's reports that the mother looked in during respondent's abuse, ignored it, and blamed the child. In addi-

---

1. Upon consent, Family Court, the Law Guardian and the attorneys for the parents were the only people in the courtroom during the child's testimony.

2. That history included court documents reflecting indicated reports against the mother between 1993 and 1997, which concluded that her two eldest daughters were sexually abused by several of her boyfriends and that the mother sexually abused the eldest daughter (which the mother had denied). Both elder daughters were removed from the mother's care and adjudicated to be neglected by the mother, and the mother later surrendered her parental rights as to both. Additionally, in 1998, the remaining older daughter, then four years old, was adjudicated to be neglected; the mother later consented to her custody with foster parents.

tion, the caseworker testified from her case notes that the mother admitted that she sometimes observed the child going into respondent's bedroom and that the mother believed the child's allegations against respondent.

The mother testified and denied any knowledge of respondent's abuse of the child. In the end, the Law Guardian advocated that the children should be removed from the mother's home and have only supervised visits with her. Respondent argued that the children should remain with the mother and that he be permitted limited visitation. Petitioner took the position that the children were bonded to the mother and should remain at home with her and that the temporary orders of protection against respondent be made permanent.

In its dispositional order entered March 17, 2009, Family Court first concluded that respondent abused and neglected the children. It then found that the mother failed to protect them and held—based upon the proof at the dispositional hearing— that their best interests required that they be removed from the home of their mother and placed with petitioner; all visitation with the mother was precluded for three months and then supervised visitation with the mother would be allowed, initially biweekly; respondent was denied all visitation. Final orders of protection were entered the same day against respondent and the mother. On appeal, respondent challenges the findings of abuse and neglect against him, and both parents challenge the order of disposition.[3]

In a Family Ct Act article 10 proceeding, petitioner bears the burden of proving abuse and/or neglect by a preponderance of the evidence (see Family Ct Act § 1046 [b]; Matter of Richard SS., 29 AD3d 1118, 1121 [2006]). A child's previous out-of-court allegations of abuse or neglect are admissible but, to support a finding of abuse or neglect, "must be corroborated by other evidence introduced during the proceeding that tends to establish their reliability" (Matter of Kole HH., 61 AD3d 1049, 1051 [2009], lv dismissed 12 NY3d 898 [2009]; see Family Ct Act § 1046 [a] [vi]; Matter of Ian H., 42 AD3d 701, 702 [2007], lv denied 9 NY3d 814 [2007]). "[A] relatively low degree of corroborative evidence is sufficient in abuse proceedings" (Matter of Joshua QQ., 290 AD2d 842, 843 [2002]; see Matter of Kayla N., 41 AD3d 920, 922 [2007]) and, while mere repetition is not sufficient, "some corroboration can be provided through the con-

---

3. Although respondent also appealed from the order of protection issued against him, he does not challenge that order in his brief. As such, the appeal is deemed abandoned (see Matter of Schermerhorn v Breen, 8 AD3d 709, 710 n [2004]).

sistency of a child's statements" (*Matter of Richard SS.*, 29 AD3d at 1121; *see Matter of Kole HH.*, 61 AD3d at 1052; *Matter of Kayla F.*, 39 AD3d 983, 984 [2007]). A child's unsworn testimony may provide such corroboration (*see Matter of Christina F.*, 74 NY2d 532, 536-537 [1989]).

Family Court is accorded " 'considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse' " (*Matter of Caitlyn U.*, 46 AD3d 1144, 1145-1146 [2007], quoting *Matter of Christina F.*, 74 NY2d at 536; *see Matter of Felicia N.*, 44 AD3d 1188, 1188 [2007]). Moreover, Family Court's credibility determinations are accorded deference (*see Matter of Chaquill R.*, 55 AD3d 975, 977 [2008], *lv denied* 11 NY3d 715 [2009]; *Matter of Randy V.*, 13 AD3d 920, 921 [2004]).

Here, Family Court rightly determined that the child's allegations against respondent were sufficiently corroborated and the record supports the findings of abuse and neglect against him (*see Matter of Caitlyn U.*, 46 AD3d at 1145-1146). The child's statements to the adults were essentially consistent and were corroborated by testimony that, in the period before her disclosure, she began exhibiting withdrawn, distressed behavior and was complaining of pain on her legs and thighs, as well as by the drawing and remarks in her notebook. Her allegations were also corroborated by her unsworn testimony (*see Matter of Kole HH.*, 61 AD3d at 1052; *Matter of Brandi U.*, 47 AD3d 1103, 1104 [2008]). Thus, we find that there was sufficient evidence to support the determination that respondent neglected and abused the child. Further, a finding of derivative neglect was warranted as to the younger sister where, as here, "the evidence as to the child found to be neglected demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in respondent's care" (*Matter of Daniella HH.*, 236 AD2d 715, 716 [1997]; *see Matter of Maddesyn K.*, 63 AD3d 1199, 1202 [2009]; *Matter of Ian H.*, 42 AD3d at 704). As to the court's dispositional order, there is abundant evidence in the record to support the court's decision to preclude respondent from any visitation with the children.

With regard to the mother, however, we conclude that Family Court misused the notice provisions of Family Ct Act § 1035 (d) by making factual findings of culpability against her and removing the children from their home with her despite the lack of a petition against her. Thus, we reverse the dispositional order as it relates to her. Clearly, a non-respondent parent such as the mother herein, who is not a named respondent in the petition,

has a limited statutory role and narrow rights under Family Ct Act § 1035 (d) to: (1) pursue temporary custody of his or her child/children during fact-finding, and (2) seek permanent custody during the dispositional phase (*see Matter of Holmes*, 134 Misc 2d 278, 279-280 [1986]). These notice requirements are designed to ensure that the non-respondent parent, often the noncustodial parent, is notified of the proceedings and allowed to intervene and be heard on temporary or permanent custody. They also serve to advise the non-respondent parent of the consequences of prolonged foster care (*see* Family Ct Act § 1035 [d] [ii], [iii]). These provisions do not contemplate the pursuit and presentation of evidence of, and fact-finding regarding, abuse or neglect of the subject child/children by the non-respondent parent who has not been charged. That is, these notice provisions do not provide a back-door vehicle to dispense with formally charging a non-respondent parent, to make findings of abuse/neglect against that parent, and to then order the removal of the children from that parent. Such a procedure violates the non-respondent parent's basic right to due process.

Here, midway through the fact-finding hearing, Family Court had "good cause" to order a Family Ct Act § 1034 investigation to determine whether a petition should also be filed against the non-respondent mother (Family Ct Act § 1035 [d] [i]; *see* Family Ct Act § 1034); in view of the court's dispositional abuse/neglect findings against her for complicity, the court's failure to so charge the mother deprived her of a fact-finding hearing. She was never formally charged, but was—essentially—determined to be guilty of abuse or neglect of the child in question and to have derivatively abused or neglected the younger sister. As a consequence, she suffered the greatest deprivation, the total loss of custody and the temporary loss of visitation with both children. This was a determination that should only have been made after a Family Ct Act article 10 petition was filed naming her as a respondent (*see* Family Ct Act § 1035 [d] [i]). Under the proper procedure contemplated by article 10, naming her as a respondent in a petition entitles her to the full panoply of rights accorded to such respondent parents including, but not limited to, a detailed description of the charges against her, full, active participation with counsel in the fact-finding hearing, including rules of evidence that are more stringent than those followed at a dispositional hearing (*see* Family Ct Act § 1046 [b] [iii]; [c]), submission of evidence, calling and cross-examining witnesses, challenging petitioner's proof, testifying, and making objections and closing remarks.

Accordingly, we will direct that all proceedings relating to the

mother be remitted to Family Court before a different judge and that an investigation pursuant to Family Ct Act § 1034 be made and forwarded to Family Court, forthwith, and, if warranted, a Family Ct Act article 10 petition filed against the mother. In the interim, the court shall craft an appropriate temporary order providing protection for the children until the final resolution of proceedings against the mother, if any.

Mercure, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order entered February 11, 2009 and the order of protection entered March 17, 2009 against respondent are affirmed, without costs. Ordered that the dispositional order entered March 17, 2009 is modified, on the law, without costs, by reversing so much thereof as removed the children from the home of Denise Z. and temporarily precluded all visitation with her; all proceedings with respect to Denise Z. are remitted to the Family Court of Clinton County before a different judge, petitioner is directed to forthwith conduct an investigation pursuant to Family Ct Act § 1034 to be forwarded to said court, any change in the custody of the children from their current placement with petitioner is hereby stayed until further order of Family Court regarding temporary custody and visitation pending a final determination of any proceedings which follow, and any orders superceding the dispositional order with respect to Denise Z. are reversed; and, as so modified, affirmed.