■ In the Matter of TELSA Z. and Another, Alleged to be Neglected Children. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DENISE Z., Appellant. [916 NYS2d 370]—

Spain, J. Appeal from an order of the Family Court of Clinton County (McGill, J.), entered June 29, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

Respondent (hereinafter the mother) and Rickey Z. (hereinafter the father) are the parents of two daughters, Telsa Z. (born in 2000) and Destiney Z. (born in 2001). Previously, this Court

upheld a finding of neglect and abuse of both girls against the father as alleged in an October 2008 petition, based upon evidence adduced at a hearing that he had repeatedly sexually abused Telsa in 2008 at age eight in the family home (*Matter of Telsa Z. [Rickey Z.—Denise Z.]*, 71 AD3d 1246 [2010]). We also affirmed the dispositional order as against the father, precluding any visitation with the girls (*id.* at 1250). We have since affirmed an order modifying the permanency plan to, among other things, permit the filing of a petition to terminate the father's parental rights (*Matter of Telsa Z. [Rickey Z.]*, 74 AD3d 1434 [2010]) and orders finding that he willfully violated stay away orders of protection (*Matter of Telsa Z. [Rickey Z.]*, 75 AD3d 776 [2010]). However, because the mother was only noticed as a non-respondent parent (*see* Family Ct Act § 1035 [b]) in the neglect proceeding against the father, and no neglect petition had been filed against her, we reversed the resulting dispositional order as it applied to the mother, in which findings were made that the mother had failed to protect the girls from the abuse and directed that they be removed from her home (*Matter of Telsa Z. [Rickey Z.—Denise Z.]*, 71 AD3d at 1249-1251).[1]

Pursuant to our remittal directive, which stayed any change in the placement of the children until further order of Family Court (*Matter of Telsa Z. [Rickey Z.—Denise Z.]*, 71 AD3d at 1251-1252), petitioner immediately conducted a Family Ct Act § 1034 child protective investigation in March 2010 and then filed the instant neglect petition against the mother alleging that she had neglected the girls. The petition alleged that the father sexually abused Telsa during the summer of 2008 and, despite her awareness of this, the mother took no steps to

---

**1.** Notably, that decision should not be construed to hold that Family Court was obligated to continue custody in the mother, or that a Family Ct Act article 10 petition must always be filed against both parents or against the non-respondent parent who has custody in order to temporarily place an abused or neglected child outside of a current home. The court always retains its authority to order the removal of children shown to be at imminent risk (*see* Family Ct Act §§ 1022, 1027). In rendering a disposition against one parent under Family Ct Act § 1052 (a) (iii), the court may place the children in accord with Family Ct Act § 1055, which may include temporary removal from a custodial non-respondent parent. However, in doing so, the court must afford due process—including a hearing—to the non-respondent parent. Under the facts of this case, we found that the effective neglect fact-finding and dispositional removal against the mother should only have occurred after the filing of an article 10 petition against her, with the concomitant rights of a respondent parent (*Matter of Telsa Z. [Rickey Z.—Denise Z.]*, 71 AD3d at 1250-1251). Family Ct Act § 1035 should not have been used in lieu of an article 10 petition, and nothing in our previous decision suggested that Family Court or this Court was without authority to issue a nondispositional temporary removal order pending formal article 10 proceedings against the mother.

protect Telsa and knowingly allowed it to occur. Given this flawed understanding of parental duties, the petition also alleged that Destiney is a neglected child.

Following an April 2010 hearing, Family Court continued the removal of the girls from the mother's care and denied visitation, and issued temporary stay away orders of protection (*see* Family Ct Act § 1027 [b]). At that time, Destiney was doing well in foster care placement and therapy while Telsa was having severe difficulties requiring repeated hospitalizations. A fact-finding hearing[2] was held on the neglect petition in June 2010, after which the court sustained the allegations that the mother had neglected Telsa and Destiney. The mother now appeals from that fact-finding order (*see* Family Ct Act § 1112 [a]).[3]

The evidence adduced at this fact-hearing against the mother closely paralleled—and significantly expanded upon—the evidence elicited against her at the father's hearing (*Matter of Telsa Z. [Rickey Z.—Denise Z.]*, 71 AD3d at 1247-1250); it convincingly proved, by a preponderance of the credible corroborated evidence, that the mother was aware that the father was sexually abusing Telsa during 2008 and neglected both girls by failing to take adequate steps to protect them (*see* Family Ct Act § 1046 [b]; *Matter of Jalesa P. [Georgia P.]*, 75 AD3d 730, 731 [2010]). The hearing testimony established that Telsa disclosed the father's sexual abuse—and the mother's awareness of it—to several adults in October and November 2008, including a teacher's aide, a teacher, a school nurse, a State Police investigator and a child protective caseworker. Telsa consistently reported that her mother had "peeked" in through the bedroom door (or through the window from outside) and observed the father in the bedroom with her while the abuse occurred; the mother would leave, go into her own bedroom and pretend to be sleeping. The child also disclosed that her mother often slept on the couch in the family room located between the parents' bedroom and the girls' bedrooms so that she would know if the father was going into the girls' bedrooms at night, and she often looked in their bedrooms to see if he was in there at night. While Destiney denied that the father had similarly abused her, she was aware of his abuse of Telsa and provided comparable accounts of the mother peeking in, relaying that the mother had told each girl to sleep with a family dog for protection against the father.

---

**2.** The father was absent from the hearing reportedly due to medical problems but was represented by counsel. The mother admitted that she continued to see the father on a regular basis.

**3.** The mother subsequently filed a separate notice of appeal from the dispositional order which is not currently before us.

After Telsa's teacher made a report of her disclosure to the Central Register of Child Abuse and Maltreatment, a caseworker and police investigator went to the home and spoke with each family member. Telsa was fearful that she or her parents would go to jail and divulged that her parents told her that she was "bad" and warned that she or they would go to jail if she reported what the father was doing.[4] When the mother was apprised of Telsa's disclosure, she showed no surprise and agreed to have the father leave the house but denied knowledge of the abuse.

Further evidence against the mother included prior orders of Family Court, Saratoga County, establishing that, in 1994, the mother admitted neglecting her two oldest daughters, Jessica and Amber, in that Jessica had been sexually abused by the mother's then-boyfriend and, despite knowing about that abuse, the mother allowed the abuser access to the girls. As relevant here, the mother was directed to continue counseling for her mental health and for parents of sexually-abused children; she was subsequently found to have willfully violated the terms and conditions thereof and left the girls with an abuser in violation of dispositional orders and an order of protection. They were removed from her care, and she later surrendered her parental rights to these two oldest daughters. In 1998, the mother admitted to neglect of her third oldest child, Barbara (born in 1995), who was placed in foster care, where she remained at the time of this 2010 hearing.

It was undisputed that the father sexually abused Telsa, and the evidence persuasively established that the mother was aware of it, witnessed it and instructed the child not to tell anyone, thereby failing to act or exercise a minimum degree of care when she knew of circumstances that required action in order to avoid actual physical, mental and emotional impairment to Telsa and imminent potential impairment to Destiney (see Family Ct Act § 1012 [f] [i] [B]; Nicholson v Scoppetta, 3 NY3d 357, 368-369 [2004]; Matter of Alaina E., 33 AD3d 1084, 1086 [2006]). Telsa's out-of-court statements of abuse and neglect were admissible and were, as needed, sufficiently corroborated by other submitted evidence tending to establish their reliability (see Family Ct Act § 1046 [a] [vi]; Matter of Christina F., 74 NY2d 532, 535-537 [1989]; Matter of Kole HH., 61 AD3d 1049, 1051-1052 [2009], lv dismissed 12 NY3d 898 [2009]). Corroboration came from Destiney's similar statements regarding the mother's knowledge and actions, the consistency of Telsa's

---

4. The mother testified, admitting she gave that warning but attributed it to alleged sexual abuse of Telsa by a nephew of the father.

repeated disclosures (*see Matter of Richard SS.*, 29 AD3d 1118, 1121 [2006]), the mother's lack of surprise when Telsa's disclosure was made known to her, and the factually similar prior neglect proceedings against the mother. Mindful that "a relatively low degree of corroborative evidence is sufficient" (*Matter of Joshua QQ.*, 290 AD2d 842, 843 [2002]) and that Family Court is accorded "considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated" (*Matter of Caitlyn U.*, 46 AD3d 1144, 1145-1146 [2007] [internal quotation marks omitted]), and according deference to its credibility determinations (*see Matter of Chaquill R.*, 55 AD3d 975, 977 [2008], *lv denied* 11 NY3d 715 [2009]), the record before us amply supports the finding of neglect against the mother as to both girls.

Mercure, J.P., Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.