■ In the Matter of TYEASIA C., a Child Alleged to be Abused. TAMEKA C. et al., Respondents; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. JANE M. SPINAK, as Law Guardian, Appellant. [641 NYS2d 673] —Or-

der, Family Court, New York County (Sheldon Rand, J.), entered August 23, 1994, which found that respondents/parents had neglected their child and placed the child with the Commissioner of Social Services for a period of twelve months, unanimously modified, on the law and the facts, without costs, to vacate the disposition and to enter a finding of abuse against both parents in addition to the finding of neglect, and the matter remanded for a new hearing on disposition.

Family Court Act § 1046 (a) (ii) "provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) that respondents were the caretakers of the child at the time the injury occurred" (*Matter of Philip M.*, 82 NY2d 238, 243; *see also, Matter of F. Children*, 178 AD2d 246).

In this case, there was overwhelming medical evidence indicating that the seven month old child had been the victim of sexual abuse. The undisputed expert testimony established that the child had an extremely enlarged vaginal opening as well as a tear and other irregularities on her hymenal ring. The combination of these injuries, in the expert's opinion, could only have been caused by the forcible insertion of a foreign object into the child's vagina.

Moreover, the evidence also established that the child's parents were her caretakers during the period she was abused. While the mother and child did not live with the father on a full time basis, the testimony as a whole established that the mother and child spent sufficient time in the father's home to establish his status as a caretaker along with the mother. In light of the mother's admission that she visited the father every other day, her testimony that she never stayed the night there is not credible, particularly in light of the child's maternal grandmother's testimony that her daughter took her baby to the father's house frequently and often stayed overnight, and that she was in the habit of transferring the baby's food from the grandmother's house to the father's house.

This evidence was sufficient to set forth a prima facie case supporting a finding of abuse. Respondents failed to rebut that case. They were able to offer no explanation for the child's injuries other than the mother's admission that she was in the habit of leaving the child in the care of virtually anyone who was available while she worked as a prostitute. Moreover, their testimony as a whole was so riddled with inconsistencies and evasions that it cannot be relied upon in support of their denials that they were involved in or permitted the abuse to occur.

Under these circumstances, since the parents have failed to rebut the prima facie case against them, a finding of abuse should be entered. Concur—Sullivan, J. P., Ellerin, Wallach,. Williams and Mazzarelli, JJ.