■ In the Matter of ASHLEY RR., and Another, Children Alleged to be Abused and Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TINA SS., Appellant. (And Three Other Related Proceedings.) [816 NYS2d 580]—

Kane, J. Appeals from two orders of the Family Court of Schenectady County (Assini, J.), entered July 21, 2004 and December 2, 2004, which, inter alia, granted petitioner's applications, in four proceedings pursuant to Family Ct Act article 10, to adjudicate the children of respondents Tina SS. and Daniel RR. to be abused and neglected.

Respondents Tina SS. and Daniel RR. (hereinafter collectively referred to as respondents) are the parents of Ashley RR. (born in 2000) and Anastasia RR. (born in 2002). Respondent Mary Ann SS., Tina's mother, was given physical custody of the children in March 2003 and later obtained a court order granting her sole legal custody with visitation to respondents as agreed upon by the parties. They agreed that respondents would have separate visitation with the children on alternate weekends, with such visitation to occur on Saturdays and Sundays from 10:00 A.M. to 5:00 P.M. Mary Ann also had custody of her grandniece.

In July 2003, petitioner determined that respondents' two daughters and Mary Ann's grandniece had been sexually abused. Petitioner commenced Family Ct Act article 10 proceedings against respondents and Mary Ann alleging that they abused and neglected respondents' daughters.[1] Following a fact-finding hearing, Family Court found that respondents abused and neglected their daughters. The two girls were then placed in petitioner's care. Respondents appeal.

As relevant here, a child is abused when his or her parent "commits, or allows to be committed, an offense against such child" (Family Ct Act § 1012 [e] [iii]). A child is neglected when the child's condition is impaired or in imminent danger of impairment due to the parent's failure to exercise a minimum

---

1. Petitioner also alleged that Mary Ann abused and neglected her grandniece. While Family Court found that Mary Ann abused and neglected all three girls, Mary Ann is not a party to this appeal.

degree of care to ensure proper supervision of the child or allowing harm to be inflicted upon the child (*see* Family Ct Act § 1012 [f] [i] [B]). Family Ct Act § 1046 (a) (ii) "provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) that respondents were the caretakers of the child at the time the injury occurred" (*Matter of Philip M.*, 82 NY2d 238, 243 [1993]). Respondents concede that the medical evidence established that their daughters were sexually abused during a one-month time period in June and July 2003. Although Mary Ann had legal and physical custody of the girls, both respondents had periods of visitation within that time span during which they were responsible for their daughters' care (*compare Matter of Brian TT.*, 246 AD2d 826, 827 [1998]; *Matter of Tyeasia C.*, 227 AD2d 165, 166 [1996], *lv dismissed* 88 NY2d 1017 [1996]). As sexual abuse of infants and toddlers is the type of injury which would not ordinarily occur absent an act or omission by the adults responsible for their care (*see Matter of Magnolia A.*, 272 AD2d 115, 115 [2000], *lv dismissed* 95 NY2d 902 [2000]; *Matter of Tania J.*, 147 AD2d 252, 259 [1989]), petitioner presented prima facie proof that respondents abused and neglected their daughters (*see Matter of Lauren B.*, 200 AD2d 740, 740 [1994]).

Once petitioner established a prima facie case, the burden of going forward to rebut this evidence shifted to respondents, although petitioner retained the burden of proving abuse and neglect by a preponderance of the evidence (*see Matter of Philip M., supra* at 244; *see also* Family Ct Act § 1046 [b] [i]). The evidentiary statute, Family Ct Act § 1046 (a) (ii), "authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitur" (*Matter of Philip M., supra* at 244). Although generally referred to as a presumption, this method of proof does not create a true presumption; it creates a permissible inference which the factfinder may draw, but does not compel a finding in accordance with that inference (*cf. Kambat v St. Francis Hosp.*, 89 NY2d 489, 495 [1997]; *Loeffler v Rogers*, 136 AD2d 824, 824 [1988]). "While the fact finder may find respondents accountable for sexually abusing a child or allowing sexual abuse to occur after a prima facie case is established, it is never required to do so" (*Matter of Philip M., supra* at 244 [citation omitted]). Instead, Family Court is required to weigh all the evidence in the record before making a determination regarding abuse or neglect (*see id.* at 244, 246).

Family Court erred in finding that respondents abused and neglected their daughters. Mary Ann, who had sole legal and

physical custody of these children, left the children alone with approximately 40 different adults, her friends and family, during the time period in question. While she worked, the children were in a day-care center where they interacted with numerous adults. Mary Ann's grandniece, the only one of these children who was verbal, disclosed that she was sexually abused by the adult boyfriend of Mary Ann's daughter, who lived upstairs from Mary Ann.[2] Mary Ann frequently allowed the children to go upstairs to this apartment or permitted this daughter to babysit them. On the other hand, Tina testified that she had control of the children only two or three times during the relevant time period, never had them overnight, never allowed the children to be alone with any other person and did not see any abuse or signs of abuse. Daniel testified that he saw the children almost daily, but these encounters took place in the yard at Mary Ann's apartment and other adults were caring for the children at those times. He cared for the children during his weekend day visitation and overnight for three days while Mary Ann was on vacation. When the children were with him, he brought them to the house where he lived with his mother, his mother was always present and she provided most of the daily care for the children. In fact, Daniel testified that he never changed his daughters' diapers; his mother always tended to this task. He did not allow the children to be alone with adults other than his mother, did not expose the children to abuse and did not see abuse or signs of abuse. Significantly, neither parent had access and an opportunity to abuse the grandniece who was sexually abused in a similar manner.[3]

The evidence showed that the children were often in the presence of numerous different adults while Mary Ann was responsible for their care, including times when she left them in the care of others, but the children were never allowed to be alone with other adults while respondents had charge of them. The evidence, both at the fact-finding hearing and more so at the dispositional hearing, strongly suggested that the abuse took place while Mary Ann was responsible for the children, not when they were in respondents' care, making a finding against respondents inappropriate (*compare Matter of Evelyn X.*, 290

---

**2.** At the dispositional hearing, this child's mental health counselor testified to multiple disclosures by this child naming the boyfriend as her abuser, as well as the abuser of the children that are the subject of these proceedings. This information was presumably available to petitioner prior to the completion of its fact-finding case, but not offered by petitioner.

**3.** Although Tina testified that she took the grandniece with her on one visit with her children, that visit lasted only a few hours during the day and took place in a public park.

AD2d 817, 820 [2002], *appeal dismissed* 98 NY2d 666 [2002] [mother not neglectful where father slapped child in car while mother was in the store]; *Matter of Zachary MM.*, 276 AD2d 876, 881 [2000] [parents not responsible for abuse or neglect where evidence established that injuries occurred when child in babysitter's care and parents had no reason to suspect abuse]).

Although Family Court's credibility findings are typically given great deference, no real credibility determinations were rendered here. The court stated generally that it found respondents' denials of causation "self-serving and insufficient to rebut the presumption" that they were responsible for the sexual abuse, but this statement was diminished by the court's comments during the dispositional hearing. During that phase of the proceeding, the court stated, "I don't believe these children were abused when they were with [respondents]." When petitioner's attorney clarified that respondents "should have been aware, they could have been aware" that this abuse was taking place, the court responded, "No. . . . I can't tell you how strongly I disagree with that." The court's finding, that respondents allowed a sex offense to be committed against their daughters or that they failed to exercise a minimum degree of care and supervision while the children were under their care, so as to support findings of abuse and neglect, is inconsistent with the record evidence and the court's comments in relation to that evidence (*see Matter of Krista L.*, 20 AD3d 783, 785 [2005]; *compare Matter of Israel S.*, 308 AD2d 356 [2003] [no neglect by father who was not home when mother abused child and had no knowledge of abuse]; *Matter of Zachary MM., supra* at 881; *Matter of P. Children*, 272 AD2d 211, 211-212 [2000], *lv denied* 95 NY2d 770 [2000]; *Matter of Robert YY.*, 199 AD2d 690, 691-692 [1993] [mother, who was napping while father broke child's leg, not responsible for abuse or neglect]). Accordingly, based on the weight of the evidence, the petitions against respondents should have been dismissed.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the orders are modified, on the law and the facts, without costs, by reversing so much thereof as found that respondents Tina SS. and Daniel RR. abused and neglected their children; petitions dismissed against said respondents; and, as so modified, affirmed.