In the Matter of Brooke OO. and Another, Children Alleged to be Abused and Neglected. Otsego County Department of Social Services, Respondent; Lawrence OO., Appellant. [902 NYS2d 219]—

Egan Jr., J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered June 3, 2009, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused by respondent.

Respondent and Sheila C. (hereinafter the mother) are the

parents of a daughter, Brooke OO. (born in 2007). The mother also has another daughter, Kiara PP. (born in 2004), from a previous relationship. In September 2008, Child Protective Services received a report that Brooke had been admitted to the hospital with burn injuries and a laceration. David Gutowski, a Child Protective Services investigator, responded to the hospital and, as a result of his investigation, petitioner commenced this neglect proceeding against respondent. After a hearing, Family Court found Brooke to be an abused child and Kiara to be derivatively abused, and respondent appeals.

An abused child is a child under the age of 18 "whose parent or other person legally responsible for [the child's] care (i) inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of death, or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ" (Family Ct Act § 1012 [e] [i]). "[A] prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of [the] respondent[ ], and (2) that [the] respondent[ ] [was] the caretaker[ ] of the child at the time the injury occurred" (*Matter of Philip M.*, 82 NY2d 238, 243 [1993]; *see* Family Ct Act § 1046 [a] [ii]; *Matter of Chaquill R.*, 55 AD3d 975, 976 [2008], *lv denied* 11 NY3d 715 [2009]). Upon presentation of such proof, the burden then shifts to the respondent to offer a reasonable and adequate explanation of how the child sustained the injury (*see Matter of Ashley RR.*, 30 AD3d 699, 700 [2006]; *Matter of Department of Social Servs. [Sophia S.— Harry S.]*, 204 AD2d 636, 636 [1994]). Here, there is a preponderance of evidence in the record (*see* Family Ct Act § 1046 [b] [i]) to support Family Court's conclusion that Brooke was abused by respondent.

Testimony revealed that on the morning of September 2, 2008, the mother left for work, leaving Brooke in respondent's care. Later that morning, Brooke began to cry and respondent, unable to control his temper, prepared a pot of scalding water and then poured it over his one-year-old daughter's face as she lay on the floor.* Respondent then walked out of the home for approximately five minutes; when he returned inside, he found that Brooke had now fallen and gashed her face. Respondent then attempted to clean her wound and then had lunch. When

---

* Photographs of Brooke taken after the incident and received in evidence show extensive burns to Brooke's face and a sutured wound over her right eyelid.

the mother returned home from work, she and respondent took Brooke to the emergency room where each initially gave investigators false accounts of the incident. These injuries are not of the type to occur other than by reason of the acts of the person responsible for her care, in this case her father. Respondent's preparation of the hot water, the actual act, his immediate abandonment of the injured child and his failure to seek immediate medical attention constitute prima facie evidence of child abuse. As petitioner established a prima facie case, the burden then shifted to respondent to rebut the evidence (see Matter of Jordan XX., 53 AD3d 740, 740-741 [2008]; Matter of Seamus K., 33 AD3d 1030, 1031 [2006]). This respondent failed to do.

We reach a different result with respect to Family Court's determination of derivative abuse. While in no way condoning the conduct, we find insufficient proof in the record that respondent was a person legally responsible for Kiara. Family Ct Act article 10 defines "person legally responsible" as including "the child's custodian, guardian, or any other person responsible for the child's care at the relevant time. Custodian may include any person continually or at regular intervals found in the same household as the child when the conduct of such person causes or contributes to the abuse or neglect of the child" (Family Ct Act § 1012 [g]). "A person is a proper respondent in an article 10 proceeding as an 'other person legally responsible for the child's care' if that person acts as the functional equivalent of a parent in a familial or household setting" (Matter of Yolanda D., 88 NY2d 790, 796 [1996]; see Matter of Aaliyah Q., 55 AD3d 969, 971 [2008]; Matter of Brent HH., 309 AD2d 1016, 1017 [2003], lv denied 1 NY3d 506 [2004]). Here, while Family Court seems to infer that Kiara resides with respondent and her mother, the record is actually devoid of any testimony concerning her residence or with whom she lived. Accordingly, we cannot sustain Family Court's finding that Kiara was derivatively abused (see Matter of Brent HH., 309 AD2d at 1017).

Finally, we are not persuaded by respondent's claims that counsel was ineffective, such that he was deprived of meaningful representation (see Matter of Hurlburt v Behr, 70 AD3d 1266, 1267 [2010]). We note that respondent acknowledges that counsel's decision not to present evidence at the hearing was appropriate in light of criminal charges also pending against respondent for this incident. Counsel nonetheless made objections during petitioner's case and cross-examined a witness. Respondent's conclusory assertions, including that more objections should have been made and more cross-examination should

have been done, involve trial strategy, which will not be second-guessed in hindsight (*see Matter of Kila DD.*, 28 AD3d 805, 806 [2006]). Respondent's remaining allegation, regarding the lack of an articulated basis for counsel's motion to dismiss, fails to establish that he did not receive meaningful representation.

Spain, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as adjudicated Kiara PP. to be derivatively abused by respondent; petition dismissed to that extent; and, as so modified, affirmed.