■ In the Matter of STEVEN M. and Another, Children Alleged to be Abused and/or Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; STEPHVON O., Appellant. [931 NYS2d 720]—

Egan Jr., J.

Respondent is the biological father of, among others, Steven M. (born in 2007). After the child returned from a visitation with respondent in January 2010, Steven's mother noticed bruises on his back and buttocks and notified her caseworker. Petitioner thereafter commenced this proceeding against respondent alleging that he abused and/or neglected Steven and derivatively neglected Jasheem N., the son of his then roommate. Following the removal of this proceeding from Family Court to the Integrated Domestic Violence Part of Supreme Court, a combined bench trial ensued, at which Supreme Court heard proof regarding both the underlying petition and the related criminal charges. At the conclusion thereof, Supreme Court found, among other things, that respondent had abused and/or neglected Steven, but dismissed the petition as to Jasheem, concluding that the proof adduced was insufficient to support a finding of derivative neglect.[1] As to disposition, Supreme Court imposed a one-year no-contact order of protec-

___

1. It is not entirely clear from either Supreme Court's bench decision or the resulting order whether the court deemed Steven to be an abused child (*see* Family Ct Act § 1012 [e]) or a neglected child (*see* Family Ct Act § 1012 [f]). For the reasons that follow, however, any discrepancy in this regard need not detain us.

tion in favor of Steven and denied respondent's request for visitation until such time as he made a reasonable effort to participate in the services and programs ordered by the court. Respondent now appeals.

Preliminarily, although respondent's notice of appeal predates Supreme Court's order and, therefore, technically is premature, we will exercise our discretion and treat it as valid (*see Matter of Joshua UU. [Jessica XX.—Eugene LL.]*, 81 AD3d 1096, 1097 n 2 [2011]). Turning to the merits, to establish a prima facie case of abuse or neglect, the petitioning agency must show, by a preponderance of the evidence (*see Matter of Alexander F. [Raddad I.]*, 82 AD3d 1514, 1515 [2011]; *Matter of Jordan XX.*, 53 AD3d 740, 740 [2008]), that the child in question sustained the type of injury that ordinarily would not occur absent an act or omission by the parent or person otherwise legally responsible for his or her care and, further, that such individual was the caretaker of the child at the time the underlying injury occurred (*see* Family Ct Act § 1046 [a] [ii]; *Matter of Philip M.*, 82 NY2d 238, 243 [1993]; *Matter of Brooke OO. [Lawrence OO.]*, 74 AD3d 1429, 1430 [2010], *lv denied* 15 NY3d 706 [2010]).

Here, Steven's mother testified that she observed bruises and welts on the child's back and buttocks after he returned from a weekend visitation with respondent, and photographs of the child's injuries, as well as the medical records documenting his subsequent visit to a local emergency room, were received into evidence at the hearing. The mother further testified that when she asked respondent how the child had sustained his injuries, respondent admitted that he struck Steven with a leather belt because the child was not potty trained.

Although we agree with respondent that petitioner failed to make out a prima facie case of abuse (*see* Family Ct Act § 1012 [e] [i]),[2] the foregoing proof was, in our view, sufficient to establish a prima facie case of neglect (*see* Family Ct Act § 1012 [f] [i]

---

2. Petitioner plainly established that respondent struck Steven, but it did not demonstrate that the injuries respondent inflicted "cause[d] or create[d] a substantial risk of death, or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ" (Family Ct Act § 1012 [e] [i]; *compare Matter of Keara MM. [Naomi MM.]*, 84 AD3d 1442 [2011] [six-week-old child sustained numerous broken bones]; *Matter of Alexander F. [Raddad I.]*, 82 AD3d at 1515 [child sustained bilateral subdural hematomas, bilateral brain infarctions, substantial loss of brain tissue and several rib fractures]; *Matter of Brooke OO. [Lawrence OO.]*, 74 AD3d at 1430 [child sustained extensive facial burns after being scalded with a pot of water]). Hence, to the extent that Supreme Court found that Steven was an abused child, such finding cannot stand.

[B]), thereby imposing upon respondent the burden of providing "a reasonable and adequate explanation of how the child sustained the injury" (*Matter of Brooke OO. [Lawrence OO.]*, 74 AD3d at 1430; *see Matter of Miranda HH. [Thomas HH.]*, 80 AD3d 896, 897 [2011]). To that end, respondent denied hitting the child, contended that he did not even see the child on the weekend in question and supplied certain "alibi" witnesses who testified that they did not see respondent with Steven during the relevant time period. Such testimony, however, presented a credibility issue for Supreme Court to resolve (*see Matter of Brooke II.*, 45 AD3d 1234, 1234-1235 [2007]; *Matter of Collin H.*, 28 AD3d 806, 808 [2006]) and, inasmuch as Supreme Court had the advantage of observing the various witnesses firsthand, we are not inclined to disturb its determination in this regard. "[E]ven a single incident of excessive corporal punishment can support a finding of neglect" (*Matter of Bianca QQ. [Kiyonna SS.]*, 75 AD3d 679, 681 [2010]; *Matter of Omavi A. [Jaimyce A.]*, 68 AD3d 1463, 1464 [2009]; *Matter of Justin O.*, 28 AD3d 877, 878 [2006]) and, based upon our review of the record as a whole, we are satisfied that the finding of neglect is supported by a preponderance of the credible evidence.

As to disposition, Supreme Court imposed a one-year order of protection barring respondent from having any contact with his child and expressly conditioned respondent's right to future visitation upon a showing that he had made a reasonable attempt to engage in various programs and services. Even then, the court directed, such visitation would be afforded only if the child's counselor did not conclude that it would be contrary to the child's best interest.[3] Supreme Court cannot, however, as it did here, delegate its best interest inquiry to a third party (*see Gadomski v Gadomski*, 256 AD2d 675, 677 [1998]). Additionally, the case law makes clear that "although a court may direct a party . . . to seek counseling as a component of the court's custody or visitation order, [it] does not have the authority to order that a party undergo counseling or therapy before visitation will be allowed" (*Matter of Dennison v Short*, 229 AD2d 676, 677 [1996] [internal quotation marks and citations omitted]; *see Matter of Saggese v Steinmetz*, 83 AD3d 1144, 1145 [2011], *lv denied* 17 NY3d 708 [2011]; *Matter of Marchand v Nazzaro*, 55 AD3d 968, 969 [2008]; *Gadomski v Gadomski*, 256 AD2d at 677), which is precisely what occurred in this matter

---

**3.** Although the order of protection expired by its own terms on September 29, 2011, respondent's challenge to the overall disposition fashioned by Supreme Court is not moot as it encompasses arguments beyond the mere issuance of the order of protection.

(*compare Posporelis v Posporelis*, 41 AD3d 986, 991-992 [2007]). Finally, while we in no way condone respondent's behavior toward his son, the record before us does not contain "compelling reasons and substantial evidence" (*Matter of Paige WW. [Charles XX.]*, 71 AD3d 1200, 1204 [2010] [internal quotation marks and citations omitted]) warranting the "drastic remedy" (*Matter of Robert TT. v Carol UU.*, 300 AD2d 920, 920 [2002]) of denying respondent any visitation with Steven—particularly when respondent was amenable to having such visitation supervised by petitioner. For these reasons, this matter is remitted to Supreme Court for a new hearing on the issue of visitation.

Mercure, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as adjudicated Steven M. to be an abused child and ordered that respondent have no visitation with Steven M.; Steven M. is adjudicated to be a neglected child and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

 