■ In the Matter of KAYDEN E. and Another, Children Alleged to be Abused and/or Neglected and/or Severely Abused. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LUIS E., Appellant, et al., Respondent. [931 NYS2d 744]—

Malone Jr., J.

---

Respondent Luis E. (hereinafter respondent) and respondent Olivia E. are the parents of the subject children, Nevaeh E. (born in 2008) and Kayden E. (born in 2009). In April 2009, Kayden was admitted to the hospital with extensive injuries, including an acute skull fracture, massive trauma to her brain and multiple other bone fractures. The children were temporarily removed from the home and petitioner commenced this proceeding against both parents, initially alleging that Kayden was an abused, severely abused and neglected child and that Nevaeh was derivatively neglected; thereafter the petition was amended to add allegations that Nevaeh was derivatively abused and derivatively severely abused. Following a fact-finding hearing, Family Court found that Kayden was abused, Nevaeh was derivatively abused and that both girls were severely abused. Respondents then waived their right to a hearing and consented to the entry of a dispositional order placing the children in foster care. Petitioner thereafter successfully moved to terminate its obligation to make reasonable efforts to reunite the family. Only respondent appeals from the fact-finding and dispositional orders, as well as the order relieving petitioner of its obligation to make reasonable efforts to reunite him with the children.

Initially, respondent's appeal from the dispositional order entered May 14, 2010 must be dismissed because that order was entered with his consent (*see* CPLR 5511; *Matter of Cheyenne QQ.*, 37 AD3d 977, 977-978 [2007]). As for the fact-finding order, Family Court's finding that Kayden is a severely abused child is supported by clear and convincing evidence (*see* Family Ct Act § 1051 [e]; Social Services Law § 384-b [8] [a] [i]; *Matter of Rebecca KK.*, 61 AD3d 1035, 1037 [2009]; *Matter of Julia BB.*, 42 AD3d 208, 216 [2007], *lv denied* 9 NY3d 815 [2007]). The evidence established that Kayden's injuries, which included a skull fracture, severe brain damage and subdural bleeding, multiple rib fractures and a fractured femur, were life-threatening and required extensive treatment, including a ventilator, anticonvulsive medication, and a permanent ventriculoperitoneal shunt to drain excess cerebrospinal fluid into her abdominal cavity. The injuries left Kayden with a severe seizure disorder, impaired vision, spastic quadriparesis, and such delayed cognitive development that she will essentially remain an "infant" for the rest of her life. A treating physician testified that Kayden's brain injuries were acute, meaning that they had

likely occurred within 24 hours of her admission to the hospital, and had been caused by a severe blow to the head with a high degree of force. Although respondent surmised that Kayden's injuries were accidental, his explanations for the injuries were not consistent with the testimony of the physicians who treated her, one of whom specifically testified that the injuries were inflicted and that the trauma was nonaccidental. Giving deference to Family Court's credibility determinations (*see Matter of Zachary MM.*, 276 AD2d 876, 881 [2000]), and considering that respondent and the child's mother were the only ones who had contact with Kayden in the time period in which her injuries were sustained, there is no basis upon which to disturb the court's determination that respondent is responsible for the severe abuse of Kayden. Contrary to respondent's contention, the finding of derivative abuse as to Nevaeh is appropriate because the abuse of Kayden "is so closely connected with the care of [Nevaeh] as to indicate that [Nevaeh] is equally at risk" if she were to remain in respondent's care (*Matter of Marino S.*, 100 NY2d 361, 374 [2003], *cert denied* 540 US 1059 [2003]). Furthermore, based on the foregoing, Family Court's findings of abuse and neglect as to Kayden, as well as the findings of derivative abuse and neglect as to Nevaeh, are supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [e] [i]; [f]; § 1046 [b] [i]).

Finally, we are not persuaded by respondent's contention that Family Court's order terminating petitioner's reasonable efforts obligation was made in error. Such reasonable efforts are no longer required where, as here, a parent has subjected a child to "aggravated circumstances" such as severe abuse (Family Ct Act § 1039-b [b] [1]; *see* § 1012 [j]; Social Services Law § 384-b [8]; *Matter of Rebecca KK.*, 61 AD3d at 1037). Respondent's remaining contentions have been considered and found to be unpersuasive.

Mercure, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the orders entered February 19, 2010 and June 8, 2010 are affirmed, without costs. Ordered that the appeal from the order entered May 14, 2010 is dismissed, without costs.