# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1202**
**CAF 10-01670**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF ALAYSHA M., CHLOE M.,
DAJUAN M., ELIJAH M., AND KAYLIA M.
------------------------------------
CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL
SERVICES, PETITIONER-RESPONDENT;

AGUSTIN M., RESPONDENT-APPELLANT.

MEMORANDUM AND ORDER

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

BARBARA L. WIDRIG, MAYVILLE, FOR PETITIONER-RESPONDENT.

RICHARD L. SOTIR, JR., ATTORNEY FOR THE CHILDREN, JAMESTOWN, FOR
ALAYSHA M., CHLOE M., DAJUAN M., ELIJAH M., AND KAYLIA M.

---

Appeal from an order of the Family Court, Chautauqua County
(Judith S. Claire, J.), entered July 15, 2010 in a proceeding pursuant
to Family Court Act article 10.  The order, among other things,
adjudged that respondent had abused the subject children.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to Family Court Act
article 10, respondent father contends that Family Court erred in
finding that he derivatively abused the children who are the subject
of this proceeding, based on the finding that he had severely abused
one of his other children, resulting in the child's death.  We note at
the outset that the father improperly appealed from an order
dispensing with the requirement that reasonable efforts be made to
reunite the father with the subject children rather than from the
correct subsequent order of fact-finding and disposition.
Nevertheless, we exercise our discretion to treat the notice of appeal
as valid and deem the appeal as properly taken from the subsequent
order (*see* CPLR 5520 [c]; *Matter of Morgan P.*, 60 AD3d 1362).

Contrary to the father's contention, the finding of derivative
abuse is appropriate in view of the nature and severity of the abuse
of the child who died (*see* Family Ct Act § 1046 [a] [i]; *Matter of
Marino S.*, 100 NY2d 361, 373-374, *cert denied* 540 US 1059; *Matter of
Keara MM.*, 84 AD3d 1442, 1444; *Matter of Nicole H.*, 12 AD3d 182, 183).
Inasmuch as the father has surrendered his parental rights with
respect to the subject children, his further contention that the court
erred in granting petitioner's motion seeking a finding pursuant to

Family Court Act § 1039-b (a) that it is no longer required to make reasonable efforts to reunite the subject children with the father is now moot (*see Matter of Randi NN.*, 80 AD3d 1086, 1087, *lv denied* 16 NY3d 712; *see also Matter of Jaime S.*, 32 AD3d 1198).  The exception to the mootness doctrine does not apply under these circumstances (*see Randi NN.*, 80 AD3d at 1087; *Matter of Simeon F.*, 58 AD3d 1081, 1081-1082, *lv denied* 12 NY3d 709).  We have reviewed the father's remaining contentions and conclude that none warrants reversal.

Entered:  November 10, 2011                        Patricia L. Morgan
                                                   Clerk of the Court