██ In the Matter of BRANDEN P. and Others, Children Alleged to be Abused and/or Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; COREY P., Appellant. (Proceeding No. 1.) In the Matter of JADYN P., a Child Alleged to be Abused and/or Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; COREY P., Appellant. (Proceeding No. 2.) [935 NYS2d 159]—

Garry, J. 

Petitioner commenced a proceeding pursuant to Family Ct Act article 10 against respondent alleging that he abused and/or neglected his older son (born in 1998) (hereinafter the son) and

two daughters (born in 1995 and 2001); shortly thereafter, petitioner commenced a second proceeding making the same allegations as to respondent's younger son (born in 2008). The proceedings were removed from Family Court to the integrated domestic violence part of Supreme Court. Following a fact-finding hearing on both petitions, Supreme Court determined that: (1) respondent penetrated the son's anus with his penis and touched his genitals; (2) insufficient corroborative evidence existed to find that respondent directly abused the younger daughter; (3) the son was an abused and neglected child under Family Ct Act article 10 and respondent was responsible for the abuse and neglect in that he had committed an offense as defined in Penal Law § 130.45 (1) and (4) respondent derivatively abused and neglected the daughters and the younger son. After a hearing, the court entered separate dispositional orders in the two proceedings. Respondent appeals.

Contrary to respondent's claim, petitioner met its burden to prove the allegations of abuse and neglect by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Keara MM. [Naomi MM.]*, 84 AD3d 1442, 1443 [2011]; *Matter of Alexander F. [Raddad I.]*, 82 AD3d 1514, 1515 [2011]). Petitioner offered the testimony of two school employees describing statements made by the younger daughter to the effect that respondent had hurt her and had sexual contact with her; she further told the employees that the son had said that respondent "put his wiener into his butt." A child protective caseworker and a State Police investigator testified that they conducted several joint interviews with the son in which he told them, among other things, that respondent had "put his pee pee in [the son's] butt" after directing him to take off his clothes and bend over with his buttocks in the air. The son demonstrated the physical position that respondent had told him to assume, described and demonstrated a separate incident in which respondent touched the son's "pee pee" with his hand, and told the workers that both of these events took place on the same day during a visit to respondent's home in October 2009, on or around the son's birthday. The caseworker further testified that she had also interviewed the older daughter, who stated that the son and the younger daughter had both told her that respondent had sexual contact with them. The caseworker also described a conversation with respondent in which he allegedly admitted that he "lied" in a written statement he gave to police.

The son's maternal grandmother testified that, in October 2009, he told her that respondent had bent him over a couch

and "put his penis inside of him." She stated that at this time, the son was displaying unusual behavior such as "pick[ing] at his butt," openly masturbating, and having nightmares from which he awoke screaming and covered with hives. The older daughter testified that on October 10, 2009, the son was dropped off by the paternal grandmother at respondent's home; she said that after his return, he was quieter than usual, "pick[ed] at his butt . . . like, if you had a wedgie or something . . . but a little bit deeper," and played more roughly than he normally did. Finally, the son gave sworn testimony, stating that respondent placed his penis in his "butt" two or three times during a visit with him around the time of the son's birthday in October 2009. The son provided specific details about these events and demonstrated his position at the time by leaning over the arm of his chair with his head toward the floor.

The foregoing constituted ample evidence establishing on a prima facie basis that respondent abused and neglected the son, thus shifting the burden to respondent to rebut the evidence of culpability (*see Matter of Philip M.*, 82 NY2d 238, 244 [1993]; *Matter of Brooke OO. [Lawrence OO.]*, 74 AD3d 1429, 1431 [2010], *lv denied* 15 NY3d 706 [2010]; *Matter of Ashley RR.*, 30 AD3d 699, 700 [2006]). Respondent's mother testified on his behalf, denying that respondent had access to the son at the time of the alleged abuse and stating that she did not believe the son's claims that respondent abused him. Respondent's aunt testified that she accompanied the son, the older daughter, and the paternal grandmother on a shopping trip on October 10, 2009, and hosted a birthday party for the son later that day; she stated that respondent was not present during these events. Respondent's girlfriend—who is also the mother of the younger son—testified that she and respondent were out of town throughout the weekend in question. Notably, respondent did not testify on his own behalf, permitting Supreme Court " 'to draw the strongest inference against [him] as the opposing evidence would allow' " (*Matter of Michael N. [Jason M.]*, 79 AD3d 1165, 1168 [2010], quoting *Matter of Tashia QQ.*, 28 AD3d 816, 818 [2006]).

The son's out-of-court statements were sufficiently corroborated " 'by other evidence introduced during the proceeding that tend[ed] to establish their reliability' " (*Matter of Telsa Z. [Rickey Z.—Denise Z.]*, 71 AD3d 1246, 1249 [2010], quoting *Matter of Kole HH.*, 61 AD3d 1049, 1051 [2009], *lv dismissed* 12 NY3d 898 [2009]; *see* Family Ct Act § 1046 [a] [vi]). " '[A] relatively low degree of corroborative evidence is sufficient in abuse proceedings' " (*Matter of Richard SS.*, 29 AD3d 1118,

1121 [2006], quoting *Matter of Joshua QQ.*, 290 AD2d 842, 843 [2002]). The son's out-of-court statements were "corroborated in key respects" by his consistent accounts and demonstrations of the abuse, his sworn testimony (*Matter of Sabrina M.*, 6 AD3d 759, 761 [2004]; *see Matter of Miranda HH. [Thomas HH.]*, 80 AD3d 896, 898-899 [2011]) and his relatives' testimony describing his changed behavior at the time of the alleged abuse (*see Matter of Loren B. v Heather A.*, 13 AD3d 998, 1000 [2004], *lv denied* 4 NY3d 710 [2005]; *Matter of Cecilia PP.*, 290 AD2d 836, 837-838 [2002]). As respondent notes, the son's in-court testimony as to the dates and times when the alleged events occurred was confused and inconsistent, but petitioner offered explanatory evidence describing the son's mental limitations; at the age of 11, he functioned at a first-grade level and, by his own testimony, could not tell time.* Determining the reliability of this corroborative evidence, as well as resolving credibility issues presented by the conflicting testimony, "are matters entrusted to the sound discretion of [Supreme Court]" (*Matter of Justin CC. [Tina CC.]*, 77 AD3d 1056, 1057 [2010], *lv denied* 16 NY3d 702 [2011]). The court's conclusions as to respondent's abuse of the son are supported by a sound and substantial basis in the record and will not be disturbed. Further, the findings pertaining to respondent's sexual abuse of the son " 'demonstrate[d] such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his] care' " (*id.* at 1058, quoting *Matter of Ian H.*, 42 AD3d 701, 704 [2007], *lv denied* 9 NY3d 814 [2007]), and thus support the court's determination that he derivatively abused and neglected the other three children (*see Matter of Marino S.*, 100 NY2d 361, 374-375 [2003], *cert denied* 540 US 1059 [2003]; *Matter of Kayden E.*, 88 AD3d 1205, 1207 [2011]).

Peters, J.P., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.

---

* Supreme Court acknowledged that the precise date when the abuse occurred was uncertain, noting that it did not make a finding that respondent committed criminal sexual acts in the first degree (*see* Penal Law § 130.50 [3]) because it could not determine whether the events occurred before or after the son's 11th birthday.