In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals, as limited by its brief, from so much of an order of the Family Court, Queens County (Salinitro, J.), dated October 4, 2012, as, after a fact-finding hearing, dismissed that branch of the petition which alleged that the mother derivatively severely abused the child Amirah L.
Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, that branch of the petition which alleged that the mother derivatively severely abused the child Amirah L. is reinstated, and it is found that the mother derivatively severely abused the child Amirah L.
At approximately 11:00 a.m. on March 25, 2010, Candice J. (hereinafter the mother), arrived at Mount Sinai Medical Center with her 19-month-old daughter Anniyah. Anniyah was not breathing, was wholly unresponsive, and had no pulse. Also, she had noticeable bruising and swelling on her face, chest, abdomen, and back, and bleeding from her rectum. She was diagnosed with, inter alia, various fractures and internal organ injuries and bleeding caused by multiple nonaccidental traumas. Although Anniyah was revived briefly, she died at approximately 3:30 p.m., as a result of her injuries.
*793 On March 26, 2010, the Administration for Children’s Services (hereinafter ACS) filed a petition against the mother and her boyfriend, the respondent Allen S., alleging that they had derivatively severely abused, abused, or neglected Anniyah’s sister, the subject child Amirah L., based on their acts leading to Anniyah’s death. Subsequently, the proceedings against the respondents were bifurcated. Allen S. was adjudicated a person legally responsible for the children’s care, and, upon his submission to the Family Court’s jurisdiction, the court entered a finding that he had derivatively abused Amirah. Following a fact-finding hearing in the proceeding against the mother, the Family Court, in the order appealed from, found that she had derivatively abused and neglected Amirah, but dismissed the allegation of derivative severe abuse (see Matter of Amirah L., 37 Misc 3d 1003 [2012]). On this appeal, ACS contends that the Family Court erred in dismissing that allegation (see Social Services Law § 384-b [8] [a]).
A parent who stands by while others inflict harm may be found responsible for that harm (see Family Ct Act § 1012 [e] [ii]). And, derivative findings of abuse may be “predicated upon the common understanding that a parent whose judgment and impulse control are so defective as to harm one child in his or her care is likely to harm others as well” (Matter of Marino S., 100 NY2d 361, 374 [2003] [internal quotation marks omitted]). Accordingly, “proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent” (Family Ct Act § 1046 [a] [i]; see Matter of Kayden E. [Luis E.], 88 AD3d 1205, 1207 [2011]). Thus, in this proceeding regarding the subject child, Amirah L., proof of the mother’s acts and omissions that ultimately resulted in Anniyah’s death were admissible.
As relevant here, “a child is ‘severely abused’ by his or her parent if (i) the child has been found to be an abused child as a result of reckless or intentional acts of the parent committed under circumstances evincing a depraved indifference to human life, which result in serious physical injury to the child as defined in subdivision ten of section 10.00 of the penal law” (Social Services Law § 384-b [8] [a]; see Family Ct Act § 1051 [e], as amended by L 2013, ch 430, § 1; Matter of Dashawn W. [Antoine N.], 21 NY3d 36, 52-54 [2013]). The agency must establish severe abuse by clear and convincing evidence (see Family Ct Act §§ 1012 [j]; 1051 [e]).
At the fact-finding hearing in this proceeding, clear and convincing evidence established that the mother’s “reckless or *794 intentional acts[,] . . . committed under circumstances evincing a depraved indifference to human life,” resulted in Anniyah’s death (Social Services Law § 384-b [8] [a] [i]; see Family Ct Act § 1051 [e]; see also Penal Law § 10.00 [10]). The mother’s own expert opined that, on two separate prior occasions in the approximately two weeks preceding Anniyah’s death, significant force intentionally applied by an adult caused Anniyah to suffer rib fractures and a jaw fracture. These injuries would have caused Anniyah to experience, and, as critical here, noticeably display, significant pain and an inability to chew. Nevertheless, as the testimony showed, the mother failed to seek medical care for her. The evidence further showed that, on the morning of Anniyah’s death, the mother failed to immediately summon emergency medical assistance for Anniyah despite the obviously grave injuries she had suffered. Instead, the mother delayed in obtaining care for Anniyah for approximately two hours by electing to take a taxicab to a hospital in Manhattan, bypassing several hospitals closer to her home in Queens. Moreover, the mother provided false information concerning the nature and circumstances of Anniyah’s injuries to the medical personnel who were trying to save the baby’s life. Indeed, the mother instructed the subject child, Amirah, to lie about those circumstances as well. Even accepting the mother’s insistence that she did not administer or witness the infliction of any of Anniyah’s injuries, and that the fatal injuries were inflicted by the mother’s boyfriend while the mother was away from the home during the night of March 24, the evidence against the mother established her reckless conduct under circumstances evincing her depraved indifference to Anniyah’s life (see Social Services Law § 384-b [8] [a] [i]; Matter of Marino S., 100 NY2d at 370).
When the fact-finding hearing was held in this case, the Family Court Act did not permit a finding of severe abuse solely on the element of the mother’s conduct (see Social Services Law § 384-b [8] [a] [i]), but also required a finding as to ACS’s “diligent efforts” or excuse from exercising “diligent efforts” (see Social Services Law § 384-b [8] [a] [iv]). During the pendency of this appeal, however, the legislature amended Family Court Act § 1051 (e), so that a “diligent efforts” finding is no longer a required element of a finding of severe abuse in the context of a Family Court Act article 10 proceeding (see L 2013, ch 430, § 1; cf Social Services Law § 384-b [8]). The statutory amendment may be applied retroactively in this case in light of the nature and purpose of the amendment, the legislature’s expression of urgency in its application, and the absence of any due process violation to the mother in retroactive application (see Matter of Marino S., 100 NY2d at 370-371; cf. Becker v Huss Co., 43 NY2d *795 527, 530-531 [1978]). We note that ACS no longer seeks a finding in this proceeding as to the element of diligent efforts, so remittal for that purpose is not necessary.
Accordingly, upon our finding that clear and convincing evidence at the fact-finding hearing established that the mother acted recklessly, under circumstances evincing a depraved indifference to Anniyah’s life, and thereby caused Anniyah’s death, we find that the mother severely abused Anniyah and derivatively severely abused the subject child, Amirah L.
Eng, EJ., Dillon, Balkin and Sgroi, JJ., concur.