■ In the Matter of Erica D., an Infant. Maria D., Appellant; New Alternatives for Children, Inc., Respondent. [915 NYS2d 46]—

Order of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered or on about January 5, 2010, which, upon a finding of mental retardation, terminated the respondent mother's parental rights to the child, and committed custody and guardianship of the subject child jointly to petitioner and the Administration for Children's Services, unanimously affirmed, without costs.

Clear and convincing evidence demonstrates that respondent is presently and for the foreseeable future unable, by reason of mental retardation, to provide proper and adequate care for the subject child, who was diagnosed with Down's syndrome. Testing by a senior psychologist employed by the Family Court, indicated that respondent's full scale IQ was 48, which the expert characterized as "extremely low." The director of the Family Court Mental Health Services opined, after interviewing respondent and reviewing her records, that she was of "subaverage intellectual functioning with impairment in adaptive behavior." He stated that if the child were returned to her care, the child would be in danger of becoming a neglected child, now and for the foreseeable future. This evidence was sufficient to satisfy the statutory standard (*see* Social Services Law § 384-b [4] [c]; *Matter of Joyce T.*, 65 NY2d 39, 50 [1985]).

The mother contends that her due process rights were violated by limitations the court placed on the testimony of lay witnesses concerning her ability to care for her other child and on broad based generalized anecdotal evidence. However, this claim is raised for the first time on appeal, and is unpreserved (*see Matter of Kimberly Carolyn J.*, 37 AD3d 174, 175 [2007], *lv dismissed* 8 NY3d 968 [2007]).

On the merits, the court properly excluded irrelevant testimony and evidence. Concur—Mazzarelli, J.P., Sweeny, Catterson, Renwick and DeGrasse, JJ.