■ In the Matter of HAILEY JJ., a Child Alleged to be Abused and Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GARFIELD KK., Appellant. [921 NYS2d 915]—

Mercure, J.P. Appeals (1) from an order of the Supreme Court (Lawliss, J.), entered January 19, 2010 in Clinton County, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be abused and neglected, and (2) from an order of said court, entered January 19, 2010, which issued an order of protection against respondent.

Respondent is the father of the subject child (born in 2002). After allegations surfaced that respondent had sexually abused the child, petitioner commenced this proceeding to seek an adjudication that the child had been abused and neglected. This proceeding and several related matters were heard in Supreme Court, Clinton County, Integrated Domestic Violence Part. Following a hearing, Supreme Court adjudicated the child to be abused and neglected, and issued an order of protection. Respondent appeals from both orders.*

We affirm the order of determination upon fact-finding. After the present proceeding was concluded, Supreme Court conducted a jury trial that resulted in respondent's conviction on criminal charges stemming from the abuse allegations. Respondent contends that the criminal trial should have occurred first and that Supreme Court faced a conflict of interest in presiding over both matters. His arguments, however, are not preserved for our review (see Matter of Erica D. [Maria D.], 80 AD3d 423, 424 [2011], lv denied 16 NY3d 708 [2011]; Matter of August ZZ., 42 AD3d 745, 747 [2007]). Furthermore, we reject respondent's claim that he received the ineffective assistance of counsel, which required him to demonstrate that he "was deprived of meaningful representation as a result of [his] lawyer's deficiencies" (Matter of Hurlburt v Behr, 70 AD3d 1266, 1267 [2010], lv dismissed 15 NY3d 943 [2010]; see Matter of Brooke OO. [Lawrence OO.], 74 AD3d 1429, 1431 [2010], lv denied 15 NY3d 706 [2010]). The decision of respondent's counsel not to present evidence at the hearing was reasonable in light of the pending criminal trial (see Matter of Brooke OO. [Lawrence OO.], 74 AD3d at 1431; Matter of Jamaal NN., 61 AD3d 1056, 1057-1058 [2009], lv denied 12 NY3d 711 [2009]), and counsel was not

* Inasmuch as the order of protection expired by its own terms in December 2010, respondent's appeal therefrom is moot (see Matter of Olivia SS. [William TT.], 75 AD3d 800, 801 [2010]).

obliged to seek an adjournment (*see People v Conway*, 263 AD2d 548, 549 [1999], *lv denied* 94 NY2d 861 [1999]; *see also Matter of Emily I.*, 50 AD3d 1181, 1181 [2008], *lv denied* 10 NY3d 712 [2008]). Rather, upon our review of the record, we conclude that respondent was afforded meaningful representation.

Rose, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order of determination upon fact-finding entered January 19, 2010 is affirmed, without costs. Ordered that the appeal from the order of protection entered January 19, 2010 is dismissed, as moot, without costs.

