Lahtinen, J.
*919 Petitioner commenced proceedings in August 2009 alleging, among other things, that respondent abused and neglected his then 17-year-old daughter, Fay GG. (born in 1991), and neglected his then 16-year-old son, Michael GG. (born in 1992). Following a fact-finding hearing that commenced in January 2010 and concluded in August 2010, Family Court determined that petitioner had established the abuse and neglect claims asserted against respondent. Although both children had turned 18 years old by the time of the dispositional hearing, Michael consented to continued placement in foster care (see Family Ct Act § 1055 [e]). Respondent agreed that Michael, who has significant mental health challenges, should continue in his placement, but asserted that Family Court lacked jurisdiction to require respondent to engage in any services. Family Court, noting that Michael was in petitioner’s care and respondent had ongoing supervised visitation, directed respondent to participate in anger management counseling, sexual abuse evaluation and mental health assessment. Respondent appeals.[1]
We consider first respondent’s argument that Family Court erred in finding that he had abused and neglected Fay and neglected Michael. “In a Family Ct Act article 10 proceeding, petitioner bears the burden of proving abuse and/or neglect by a preponderance of the evidence” (Matter of Telsa Z. [Rickey Z.— Denise Z.], 71 AD3d 1246, 1249 [2010] [citation omitted]; see Family Ct Act § 1046 [b]). Fay testified about an incident where respondent forced her to put her hand on and then stroke his erect penis. Respondent acknowledged to authorities that, many years earlier and after he had consumed alcoholic beverages, a sexual incident had occurred with Fay. The children further related incidents where respondent physically assaulted them and threw objects, including furniture, at them. Respondent, who *920 had custody of the children, failed to seek vision and dental care for Michael. When Michael was removed from living with respondent, it was discovered that he needed glasses and had numerous cavities. Respondent elected not to testify, permitting a strong inference to be drawn against him (see Matter of Branden P. [Corey P.], 90 AD3d 1186, 1188 [2011]). The evidentiary errors that respondent contends occurred at the hearing have been considered and do not require reversal. The record sufficiently supports Family Court’s determination regarding abuse and neglect.
Respondent contends that Michael did not knowingly consent to remain in foster care beyond the age of 18. This argument was waived since respondent did not object to Michael’s continued custody with petitioner. In any event, the record supports the determination that, despite his lower intellect and mental health challenges, Michael knowingly and intelligently chose to remain in foster care.
Further, under the narrow circumstances in this case, Family Court did not act beyond its jurisdiction in directing respondent to participate in services. Although “Family Court is a court of limited jurisdiction” (Matter of H.M. v E.T., 14 NY3d 521, 526 [2010] ), a neglected child who has turned 18 but is not yet 21 can elect to stay in or return to foster care (see Family Ct Act § 1055 [e]; Matter of Sheena B. [Rory F.], 83 AD3d 1056, 1058 [2011] ). Michael made such an election, resulting in petitioner having continued responsibility for him. Respondent sought to remain involved in Michael’s life and a caseworker indicated that his role might be helpful in the rapidly approaching transition from foster care facing Michael (see Family Ct Act § 1052 [b] [1] [B]). Respondent was permitted supervised visitation and sought to attend service plan meetings. In light of petitioner’s continued responsibilities for Michael arising from his election to stay in foster care, Family Court had jurisdiction during the time that Michael remained in foster care to require respondent’s participation in services designed to help ensure that his role and access were in the best interests of the child.[2]
Our review of the record reveals that respondent received meaningful representation and, thus, his ineffective assistance of counsel argument is unavailing (see Matter of Hailey JJ. [Garfield KK.], 84 AD3d 1432, 1432 [2011]; Matter of Hurlburt v Behr, 70 AD3d 1266, 1267 [2010], lv dismissed 15 NY3d 943 *921 [2010] ). Counsel adequately cross-examined witnesses, made appropriate objections and engaged in useful motion practice. Respondent failed to establish that the omissions of which he now complains fell outside the realm of legitimate trial strategy (see Matter of Spiewak v Ackerman, 88 AD3d 1191, 1193 [2011]; Matter of Christiana C. [Carleton C.], 86 AD3d 606, 607-608 [2011] , lv denied 17 NY3d 715 [2011]). The remaining arguments have been considered and are unpersuasive.
Peters, P.J., Spain, Malone Jr. and Garry, JJ., concur. Ordered that the appeal from the order entered February 24, 2011 is dismissed, without costs. Ordered that the order entered March 18, 2011 is affirmed, without costs.

. Respondent appealed from both the February 2011 decision and order and the March 2011 order. The March 2011 order was prepared pursuant to Family Court’s directive at the end of its February 2011 decision that petitioner submit an order within 10 days. Although the appeal from the February 2011 decision was unnecessary and untimely, the appeal from the March 2011 order was nevertheless timely and preserved all issues (see Matter of Santino B. [Lisette C.], 93 AD3d 1086, 1087 [2012]).

. As noted by petitioner in its brief, respondent’s participation in services at this point is a voluntary choice for him. Although failure to participate could reduce his role with Michael while the child is still in petitioner’s custody, it would not result in enforcement under Family Ct Act § 1072 (b).