Matter of Noel R. (LaQueenia S.) (2018 NY Slip Op 09025)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Noel R. (LaQueenia S.)

2018 NY Slip Op 09025

Decided on December 27, 2018

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2018
Friedman, J.P., Sweeny, Kapnick, Kahn, Singh, JJ.


7947

[*1]In re Noel R., A Dependent Child Under the Age of Eighteen Years, etc., LaQueenia S., Respondent-Appellant, SCO Family of Services, Petitioner-Respondent.

Geoffrey P. Berman, Larchmont, for appellant.
Carrieri & Carrieri, P.C., Mineola (Ralph R. Carrieri of counsel), for respondent.
Andrew J. Baer, New York, attorney for the child.

Order of disposition, Family Court, New York County (Emily Olshansky, J.), entered on or about December 5, 2017, which, inter alia, upon a finding that respondent mother is intellectually disabled, terminated her parental rights to the subject child, and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
Clear and convincing evidence supports the finding that the mother, by reason of intellectual disability, is unable, at present and for the foreseeable future, to provide proper and adequate care for the child (see Social Services Law § 384-b[4][c], [6][b]; Matter of Erica D. [Maria D.], 80 AD3d 423 [1st Dept 2011], lv denied 16 NY3d 708 [2011]). Although the mother possesses adequate adaptive skills in certain areas and there is a parental bond between the mother and the child, an expert psychologist opined that the mother's intellectual disability significantly impacted upon her ability to provide proper care for the child, who is on the autism spectrum and has special needs, and that therapy or services the mother had received and available interventions would not significantly impact upon or improve her parenting abilities (see Matter of Leomia Louise C., 41 AD3d 249 [1st Dept 2007]). The record further shows that the child has bonded with his foster mother, who is dedicated to his care and provides for his special needs (see Matter of Joyce T., 65 NY2d 39, 49-50 [1985]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 27, 2018
CLERK